### MACKAY v. MACKAY.

(Supreme Court, Appellate Division, Second Department.   June 11, 1915.)

1. MASTER AND SERVANT ⬥278—INJURIES TO SERVANT—ACTIONS—EVIDENCE.
    In a servant's action for injuries in being pinned between a wall and a falling boiler, due to the giving way of a defective block and fall, evidence *held* not to sustain a finding that defendant was not negligent.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977;  Dec. Dig. ⬥278.]

2. MASTER AND SERVANT ⬥281—INJURIES TO SERVANT—ACTIONS—EVIDENCE.
    In a servant's action for injuries in being pinned between a wall and a boiler moved by a defective block and fall, evidence *held* not to sustain a finding that plaintiff was guilty of contributory negligence.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–. 996;  Dec. Dig. ⬥281.]

3. MASTER AND SERVANT ⬥150—INJURY TO SERVANT—WARNING AND INSTRUCTION.
    Where a master had knowledge of the defective condition of a block and fall used to move a boiler, and the danger to be apprehended from its use, it was his duty to warn employés engaged in the work and to give them instructions as to how the apparatus might be safely operated.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 297, 299–302, 305–307;  Dec. Dig. ⬥150.]

Appeal from Trial Term, Westchester County.

Action by Robert G. Mackay against Kenneth Mackay.   From a judgment for defendant and an order denying a new trial, plaintiff appeals.   Reversed and remanded.

Argued before JENKS, P. J., and CARR, RICH, and PUTNAM, JJ.

Thomas J. O'Neill, of Yonkers (Leonard F. Fish, of New York City, on the brief), for appellant.

Thomas F. Curran, of Yonkers, for respondent.

RICH, J.   The plaintiff appeals from a judgment entered upon the verdict of a jury in favor of the defendant, in an action by servant against master to recover for personal injuries alleged to have resulted from the negligence of the defendant in furnishing a defective block and fall for the use of his employés in moving a heavy boiler from one position to another in his factory, with knowledge of its defective condition and without giving warning or instruction for its safe use.   The appeal is also taken from an order denying plaintiff's motion for a new trial, made on the minutes.

[1] At the time of the accident, the plaintiff and three other of defendant's employés were moving a heavy boiler in defendant's shop, using for that purpose a block and fall borrowed by defendant from one Gledhill. The evidence, which is not controverted, establishes that the block and fall was defective, and that, unless care was exercised in its use, the chain was liable to catch, and if, when it was caught, it was jerked to loosen it, the object being lifted would drop, resulting in possible danger to the persons using it. Gledhill testified that when he loaned the block and tackle to the defendant he said to him:

"You want to be careful in using them. * * * I told him that he would have to be careful in using them or they would catch, and if he jerked them loose they would drop with him. If you have a twist in the chain, it will catch coming over the sheave. * * * And let it go down in this groove in the sheave suddenly and unexpectedly. * * * I told him to be careful of it. * * * Of the falls; to watch out for it. I says, 'Be careful of it. * * * Be careful about them dropping on you.' "

Neither of the persons engaged in moving the boiler had ever had any experience in lifting heavy bodies with chains or a block and fall. When the boiler had been moved on rollers for some distance, the defendant told one of the men assisting in the work to attach the chain block and put a sling around the boiler and pull it in on the floor of a lower room. He neglected to inform the workmen of the condition of the block and fall or chain connected therewith, or caution them as to its use, or warn them of the possible danger in its use should the chain catch and an attempt be made by jerking to loosen it. After the boiler had been moved a short distance, and while the plaintiff was placing blocks on the floor under the lower end of the boiler to protect the floor, as he had been directed, the chain caught, and the workman who was operating it gave it an extra hard jerk, and the lower end of the boiler slid forward and fell to the floor, catching the plaintiff in its descent, inflicting serious injury. The workman testified that he did not know, and had not been told, of the defective condition of the block and fall, and that he gave no warning to plaintiff before jerking the chain.

[2, 3] At the request of counsel for the appellant, the learned court correctly instructed the jury that it was the duty of a master to furnish to his employés implements and appliances which were reasonably suited and safe for the work in hand, and to give them the necessary instructions regarding their use. Having knowledge of the defective condition of the block and fall, and the danger reasonably to be apprehended in its use, it was the duty of the defendant to have warned the persons engaged in the work of the danger which might reasonably have been apprehended, and to have given them necessary instructions as to the manner in which the implement should be operated, but he omitted to give such instruction and warning, and clearly he was guilty of negligence and chargeable with consequent liability. If the verdict of the jury is based upon defendant's freedom from negligence, it is against the weight of the evidence and cannot be permitted to stand. The learned trial court further properly instructed the jury, at plaintiff's request, that if the defendant was negligent, and the plaintiff was

free from contributory negligence, he was entitled to recover. I am unable to find any act of the plaintiff which contributed to his injury. The boiler did not drop on him while he was under it, but, sliding as it fell, pinned him to the wall of the building. As I have pointed out, he was uninformed and uninstructed as to the defective condition of the block and fall and the danger to be apprehended from its use, and, if the jury found that he was guilty of contributory negligence, that finding was likewise against the weight of the evidence.

There is no merit in the appellant's suggestion that the evidence relating to the insurance was improperly received, and the only trouble with the case is that the verdict of the jury is so greatly against the weight of the evidence on both questions involved as to require a reversal of the judgment and order.

The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows:

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.